NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALI HUSSEIN ALI AL GBURI, AKA Al-Gburi Ali Hussein Ali,

Petitioner,

v.

MERRICK GARLAND, Attorney General,

Respondent.

No. 19-71189

Agency No. A209-867-921

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2020
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and PREGERSON,[**] District Judge.

Petitioner Ali Hussein Ali Al Gburi, a native and citizen of Iraq, petitions for

review of a Board of Immigration Appeals decision affirming an Immigration

Judge's determination that he "firmly resettled" in Brazil, and is therefore

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

ineligible for asylum under 8 C.F.R. § 208.13(c)(2)(i)(B).[1]  As discussed below, we

conclude that the BIA's decision is not supported by substantial evidence, and

remand for further proceedings.

We have jurisdiction under 8 U.S.C. § 1252(a).  A finding of firm

resettlement is a factual determination, reviewed for substantial evidence.

*Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006) (en banc).[2]  Under

substantial evidence review, we uphold factual determinations that are "supported

by reasonable, substantial and probative evidence on the record considered as a

whole."  *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010) (quoting *INS v.*

*Elias–Zacarias*, 502 U.S. 478, 481(1992)).

The government bears the burden of establishing a prima facie case that an

offer of firm resettlement has been made.  *Maharaj*, 450 F.3d at 973; *Matter of A-*

*G-G-*, 25 I. & N. Dec. 486, 501 (BIA 2011).  "[T]o make a prima facie showing

that an offer of firm resettlement exists, the DHS should first secure and produce

direct evidence of governmental documents indicating an alien's ability to stay in a

country indefinitely."  *Matter of A-G-G-*, 25 I. & N. Dec. at 501.  "If direct

evidence of an offer of firm resettlement is unavailable, indirect evidence may be

---

[1]  The BIA did find that Petitioner suffered past persecution, and remanded to the IJ to reconsider Petitioner's claims for withholding of removal and relief under the Convention Against Torture.  On remand, the IJ granted Petitioner withholding of removal, but did not revisit the question of eligibility for asylum.

[2]  The government does not discuss our controlling decision in *Maharaj*.

used," *id.* at 502, but only if the government shows that "direct evidence is unobtainable." *Maharaj*, 450 F.3d at 976.

Here, the government did not introduce direct evidence of an offer of firm resettlement or contend, let alone show, that direct evidence is unavailable or unobtainable.[3] In such circumstances, we have concluded that the government fails to carry its burden, and that the resettlement bar does not apply. *See, e.g.*, *Mengstu v. Holder*, 560 F.3d 1055, 1059 (9th Cir. 2009) (noting that the government did not meet its burden "to offer proof of permanent residence, or, in its absence, to make an offer of proof that such evidence was unobtainable," and thus there was no presumption of resettlement for the petitioner to rebut). Further, absent a showing that direct evidence is unavailable, the BIA erred when it considered the government's circumstantial evidence. *Maharaj*, 450 F.3d at 976.

Because the government failed to carry its burden to provide direct evidence of an offer of firm resettlement or show that such evidence was unobtainable, substantial evidence does not support the BIA's determination that the resettlement bar renders Petitioner ineligible for asylum. We therefore grant the petition for review and remand for further proceedings consistent with this disposition.

---

[3] Indeed, at argument before the BIA, the government made reference to a Brazilian visa and another document in Portuguese. The government did not, however, introduce either document into the record. Moreover, Petitioner credibly testified that his "permit" did not allow him to travel freely.

**PETITION FOR REVIEW GRANTED AND REMANDED.**